UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RANDY BENTON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:05-cv-1210-SEB-VSS |
| ) | |
| STANLEY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Randy Benton ("Benton"), a prisoner of the State of Indiana, seeks habeas corpus relief with respect to his 1996 conviction in an Indiana state court for burglary and robbery. He is entitled to the relief he seeks only if he demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). *See Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004). Because he has failed to make such a showing, however, his petition must be **denied.** This conclusion rests on the following facts and circumstances:

1. Benton's conviction was affirmed in *Benton v. State,* 691 N.E.2d 459 (Ind.Ct.App. 1998)(*Benton I*). In that appeal, Benton had argued that his sentence violated federal double jeopardy protections, that his sentences were erroneously ordered served consecutively, that his sentence is manifestly unreasonable, that the trial erred in admitting evidence of a prior criminal act, and that the evidence was insufficient to support his convictions. These contentions were rejected. Benton did not seek transfer to the Indiana Supreme Court.

2. Benton then filed a petition for post-conviction relief. The trial court's denial of such petition was affirmed on appeal in *Benton v. State*,49A04-0408-PC-419 (Ind.Ct.App. February 22, 2005)(Benton II). In *Benton II,* the post-conviction appeal, Benton argued that his appellate attorney had been ineffective for failing to raise a state law double jeopardy claim in *Benton I*. This claim was rejected. The Indiana Supreme Court denied Benton's petition to transfer on May 5, 2005.

3. Benton now seeks a writ of habeas corpus. He claims that his convictions for both burglary and robbery violated the federal prohibition against double jeopardy. This claim was presented to the Indiana state courts in *Benton I*, and hence has not been properly preserved for federal habeas review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary."); *Moffat v. Boyles,* 288 F.3d 978, 982 (7th Cir. 2002); *Wilson v. Briley,* 243 F.3d 325, 327 (7th Cir. 2001).

4. When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.*, the errors worked to the petitioner's 'actual and substantial disadvantage'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner,* 375 F.3d at 648 (internal citations omitted).

    a. Benton attributes his procedural default to the ineffective assistance of counsel in not seeking transfer from *Benton I*. Although the deficient performance of counsel can satisfy the "cause" element of the cause and prejudice test, *Murray v. Carrier,* 477 U.S. 478, 488 (1986), this is available only if that ineffectiveness itself constitutes an independent constitutional claim. *Id.,* at 488-499. Because there is no Sixth Amendment right to counsel in seeking discretionary review on direct appeal, *Ross v. Moffitt,* 417 U.S. 600, 610-11 (1974), Benton cannot establish "cause" sufficient to excuse his procedural default through the failure of his attorney to seek transfer to the Indiana Supreme Court.

    b. In a procedurally similar case, the Seventh Circuit Court of Appeals has explained:

> In proceedings in which a petitioner does not have a constitutional right to counsel, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." See Coleman [*v. Thompson,* 501 U.S. 722, 752-53, 111 S. Ct. 2546 (1991)]. Mr. Anderson therefore had no constitutional right to counsel for his discretionary petition to the Supreme Court of Illinois, and he could not have received ineffective assistance of counsel for the failure of counsel to raise his ineffective assistance of counsel claim in his petition to the Supreme Court of Illinois. *See id.*

*Anderson v. Cowan,* 227 F.3d 893, 901 (7th Cir. 2000).

    c.    The same conclusion is compelled here: Benton committed procedural default and his effort to show cause for that default falls short. These circumstances prevent the court from reaching the merits of Benton's habeas claims.

5.    Apart from the question of procedural default, moreover, this habeas claim would not overcome the deferential standard applicable under the Antiterrorism and Effective Death Penalty Act of 1996.

    a.    The Indiana Court of Appeals concluded in *Benton I* that Benton's conviction for both robbery and burglary did not violate federal double jeopardy because Robbery, as a Class B felony, included as a required element that a person take property from another person or from the presence of another person, either while armed with a deadly weapon or resulting in bodily injury, whereas Burglary, as a Class A felony, requires that a person break and enter the dwelling of another with the intent to commit a felony and bodily injury results. *Benton I,* 691 N.E.2d at 463. This conclusion was not contrary to any decision by the United States Supreme Court, nor was the conclusion an objectively unreasonable application of the Supreme Court's clearly established precedents. *Blockburger v. United States*, 284 U.S. 299, 304 (1932)("The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.")(citations omitted). The federal test emphasizes the elements of the two crimes. "If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Iannelli v. United States,* 420 U.S. 770, 785 n.17 (1975).

    b.    Because the claim would not have been successful on appeal, Benton was not prejudiced by his counsel's failure to seek transfer as to this claim. *Strickland v. Washington,* 466 U.S. 668, 695 (1984)(to support an ineffective assistance of counsel claim under *Strickland,* a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense); *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001)("It is not deficient performance to fail to raise an argument with no real chance of success.").

    c.    Because Benton has not shown that the state court adjudication of this claim was unreasonable, nor that his attorney was ineffective in failing to pursue it beyond *Benton I,* he has not shown that he is entitled to relief based on it. On this alternative basis, therefore, Benton could not prevail in light of the deference owed to the decision of the Indiana state courts under 28

U.S.C. § 2254(d). *See Timberlake v. Davis,* 409 F.3d 819, 821 (7th Cir. 2004) (federal habeas court examined state court's alternative ruling on the merits after determining that state's finding of procedural default was not an "independent and adequate state ground" that blocked federal collateral review) (citing *Ford v. Georgia,* 498 U.S. 411, 424 (1991), and *Liegakos v. Cooke,* 106 F.3d 1381, 1385 (7th Cir. 1997)).

6.  For the reasons explained above, Benton is not entitled to the relief he seeks at this time and in this forum, the action is **dismissed.** The dismissal shall be with prejudice.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 11/30/2005

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana